Grundy, Ch. J.
delivered the following opinion of the court: — This was an action of covenant, brought in the inferior court by the present defendant, against the -present plaintiff, upon a writing under seal, executed by the plaintiff, Grant* by which he had bound himself to pay to the defendant, Groshon, 250/. to be discharged in. such property as horses, cattle, &c. at their common selling prices, by the first day of May next ensuing the date of said writing ; which writing bore date on the 19th day of December 1799.
The first error assigned, is, “ That the plaintiff, under an order in the inferior court, giying leave to amend his declaration, filed a new one, instead of amending the declaration already filed.”
This the court deem not to be erroneous, it being unimportant whether the plaintiff files an amendment only, specifying the alterations necessary in the declaration, or transcribes such parts of the declaration as are sufficient on a different paper, and adds thereto or makes therein the necessary alterations.
The second error assigned, is, “That no demand of the property at the obligor’s place of residence is aver-ed in the plaintiff’s declaration;” and to support this objection the cases oí Chambers vs. Winn and Letcher vs. Taylor, decided in this court, are relied on. The eourt conceive there is a material difference between those cases and the one now under consideration. In both of them the property was payable on demand, and no place of payment specified in the contract. The court determined that the plaintiff must shew in his declaration that he had, before bringing his suit, demanded the property at the obligor’s place of residence; because, without doing this, he had not,shewn that the debt was due and payable. The right to commence his action *88 could not accrue until the demand was made at the proper place ; the making of the demand was a precedent act to be performed by the obligee ; and were the court to permit a recovery to be had against the obligor,-without compelling the obligee to shew that he had given him an opportunity, by a demand so made, to discharge the obligation in the property contracted for ;⅛ it would, in fact, in all such eases, be putting it in the power of the creditor to change his property debt into money, and the debtor by no exertion on his part eould prevent it.
In this case there is a day of payment fixed by the contract, and the decisions above referred to determine the place of residence of the obligor to be the place at which the payment is to be made. The obligor could therefore by plea have shewn that he was ready on his
f>art, at the time and place, and that the payment would mve been made, had the obligee attended to receive the property. When the time and place of payment are fixed, a special demand need not be averred in the plaintiff’s declaration ; the defendant being bound to perform the first act, by producing the property for payment.
J udgment affirmed.*

 Same point decided in fhe cafe of Keeton vs. Scantland, poft, in Herndon vs. Madifon, fall term 1807, and in Robards vs. M'Bride, Spring term 1808; alfo in the cafes of Adams vs. Macey — Ham, ad'mr, of Hayfe, vs. Hayfe, and Mitchell vs. Gregory, Spring term 1809.